# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

| | |
|---|---|
| CRYSTAL VL RIVERS, *Plaintiff*, v. JOSEPH A. SANZONE *ET AL.*, *Defendants.* | CASE NO. 6:16–cv–00043 <br><br> ORDER REMANDING CASE <br><br> JUDGE NORMAN K. MOON |

This case was removed to this Court from the Circuit Court of Lynchburg, Virginia on July 27, 2016. (Dkt. 1). The case must be remanded for two reasons.

First, in an uncommon procedural maneuver, Plaintiff removed her own case. Under federal law, only "the defendant or defendants" may remove a case from state court to federal court. 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 1446(a). As a result, removal is improper. Numerous courts have reached the same conclusion.[1]

Second, the Court lacks subject matter jurisdiction. Plaintiff's notice of removal contends that jurisdiction is based on diversity of citizenship. (Dkt. 1 ¶ 4). Indeed, her state court complaint alleges various state law causes of action such as breach of contract, fraud, and civil conspiracy. But to establish diversity jurisdiction, *each* defendant must be a citizen of a *different* state from Plaintiff. 28 U.S.C. § 1332(a); *Gordon v. Hartford Fire Ins. Co.*, 105 F.

---

[1] *Middleton v. Emerson*, 469 F. App'x 213, 214 (4th Cir. 2012) ("under the applicable federal statutes, a plaintiff may not remove a proceeding to federal court"); *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 686 (9th Cir. 2005); *Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1248 (9th Cir. 1999); *Aref v. Holmgren*, 976 F.2d 736 (9th Cir. 1992); *Scarlett v. Resol Grp. LLC*, No. 5:14-CV-05512 EJD, 2015 WL 602981, at *3 (N.D. Cal. Feb. 11, 2015); *Peraza v. Mazak*, No. 807CV2320T23MAP, 2008 WL 186613, at *1 (M.D. Fla. Jan. 18, 2008) (compiling additional cases).

App'x 476, 481 (4th Cir. 2004).  Plaintiff is a citizen of Virginia, which means that *all* defendants must be non-Virginia citizens for diversity jurisdiction to exist.  (Dkt. 1 ¶ 4; dkt. 1-1 at 3).  But both Plaintiff's notice of removal and her state court complaint make clear that several defendants are citizens of Virginia.  (Dkt. 1 at ECF 4-8; dkt. 1-2 at 1-3, 4 ("The majority of the Defendants live, work or operate their business in the City of Lynchburg.") & ¶¶ 2-47 (pleading specific Virginia citizenship of numerous defendants)).  This fact destroys complete diversity and means that the Court lacks jurisdiction.

Accordingly, this case is **REMANDED** to the Lynchburg City Circuit Court.  The Clerk of the Court is hereby directed to send a certified copy of this order to Plaintiff and the clerk of the Lynchburg City Circuit Court.  This case is **STRICKEN** from the Court's active docket.

Entered this  28th  day of July, 2016.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

– 2 –

Case 6:16-cv-00043-NKM   Document 3   Filed 07/28/16   Page 2 of 2   Pageid#: 295